**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 22 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FRANCIS WILL COBLEY,

      Petitioner - Appellant,

vs.

KEN KLINGER; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

      Respondent - Appellee.

Nos. 98-7093, 98-7132
(D.C. No. CV-97-540-S)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.[**]

    In these consolidated appeals, Francis Will Cobley, an inmate appearing pro

so and in forma pauperis, seeks a certificate of appealability and challenges the

dismissal of his habeas corpus petition for failure to respond to the state's motion

to dismiss. In 1995, Mr. Cobley was convicted of knowingly concealing stolen

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

property, after former conviction of two or more felonies, and sentenced to a thirty-five-year prison term. His conviction was affirmed on direct appeal. The Oklahoma Court of Criminal Appeals also affirmed the denial of two petitions for post-conviction relief. Mr. Cobley then filed the instant habeas corpus petition in federal court, raising twelve grounds for relief. The state conceded that the first eleven grounds had been exhausted but contended that Mr. Cobley had not exhausted his ineffective assistance of appellate counsel claim. Citing <u>Harris v. Champion</u>, 48 F.3d 1127 (10th Cir. 1995), the state asked the district court to dismiss Mr. Cobley's "mixed" petition because it contained an unexhausted claim.

After Mr. Cobley failed to respond in a timely manner, the Clerk of the Court entered a minute order, granting the state's motion to dismiss and closing the case. Mr. Cobley filed a notice of appeal and only subsequently filed an objection with the district court, contending inter alia that he "*did*, in time, respond to the Motion to Dismiss; however, due to technical rules of procedure the court clerk mailed the response back to the Appellant and has done so twice." R. doc. 12 at 2 (July 22, 1998) (emphasis added). This objection was stricken because an appeal was already in progress.

In reviewing the dismissal of Mr. Cobley's habeas petition, we note that his pleadings must be construed liberally because he proceeds pro se; however, he nevertheless must follow the rules of procedure governing all litigants. <u>See</u> <u>Green</u>

v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). Failure to oppose a motion to dismiss within the proper time period constitutes a waiver of objection by the party not complying and a confession of matters raised in his opponent's pleadings.

We believe the dismissal of Mr. Cobley's petition must be without prejudice because the minute order appears to grant the state the relief it sought – dismissal without prejudice for failure to exhaust state court remedies. See Minute Order (June 30, 1998), attached to Pet. Br.; see also Demarest v. Price, 130 F.3d 922, 939 (10th Cir. 1997) (noting that dismissal for failure to exhaust is usually without prejudice so petitioner may pursue state remedies).

We AFFIRM the dismissal without prejudice of Mr. Cobley's habeas corpus petition and DENY his request for a certificate of appealability.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge